IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHRIS FINK, | Cause No. CV 22-11-M-DLC-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on Petitioner Fink's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. Fink is a state prisoner.

Fink was convicted of criminal possession of dangerous drugs in Missoula County in 1999. He received a suspended sentence. On March 22, 2004, his suspended sentence was revoked, and he was sentenced to five years in prison. *See* Pet. Ex. (Doc. 1-1) at 1, 3; *see also* Montana DOC Correctional Offender Network, https://app.mt.gov/conweb (accessed July 15, 2022).

Fink seeks credit for time he served in prison from November 12, 2003, to March 22, 2004. *See* Pet. Ex. (Doc. 1-1) at 3. On January 11, 2009, he discharged the sentence underlying that period of time in custody. *See* Pet. Ex. (Doc. 1-1) at 1; *see also Fink v. Mahoney*, No. OP 09-0267 (Mont. July 29, 2009), *available at*

1

https://supremecourtdocket.mt.gov (accessed July 21, 2022).

Fink remains "in custody" pursuant to judgments entered by Yellowstone County, so this Court has jurisdiction.[1] *See* Pet. Ex. (Doc. 1-1) at 1; 28 U.S.C. § 2254(a); *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001). But the Court is not aware of any federal law requiring a State to award credit for time overserved on a discharged sentence against a sentence imposed for a separate offense. The Montana Supreme Court denied Fink's request for credit for that time. *See Fink*, No. OP 09-0267 (Mont. July 29, 2009). This Court has no legal basis to second-guess its decision. It would be unorthodox to implement such a rule, more than ten years after the discharge of the Missoula County sentence, to reduce the Yellowstone County sentence, which was imposed for a new offense committed two and a half years after Fink discharged the Missoula County sentence. *See* Pet. Ex. (Doc. 1-1) at 1; *Lackawanna County*, 532 U.S. at 405–06; *Dubrin v. California*, 720 F.3d 1095, 1097–1100 (9th Cir. 2013).

Fink states that a "court awarded" him $300 for each day he spent in prison without receiving credit against the Missoula County sentence. *See* Pet. Ex. (Doc. 1-1) at 4. If so, he may have a remedy in a court somewhere to enforce the

---

[1] Fink might have filed in the wrong Division, but he is not really challenging a judgment, so the point is not clear enough to warrant transfer to the Billings Division. *See* D. Mont. L.R. 3.2(b)(2)(A) (Mar. 1, 2022).

judgment. But the remedy would not arise in a habeas action, and no civil judgment has been registered in Fink's favor in this Court.

A certificate of appealability should be denied. Fink does not allege facts supporting an inference that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, the Court RECOMMENDS:

1.  The petition (Doc. 1) should be DENIED for lack of merit.

2.  The clerk should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED. The clerk should be directed immediately to process the appeal if, after the District Court rules, Fink files a notice of appeal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Fink may object to this Findings and Recommendation within 14 days.[2] *See* 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>Fink must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 22nd day of July, 2022.

Kathleen L. DeSoto
United States Magistrate Judge