IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHRIS FINK,<br><br>    Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | CV 22–11–M–DLC<br><br><br>ORDER |

  Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation on Petitioner Chris Fink's pro se petition for habeas corpus relief. (Doc. 4.) Judge DeSoto recommends that Mr. Fink's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be denied for lack of merit. (Doc. 4 at 1–3.) The Court agrees and will adopt Judge DeSoto's Findings and Recommendation in full.

  A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). A proper objection must "itemize each factual finding of the magistrate judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding" and/or "itemize each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that

1

recommendation[.]" L.R. 72.3(a).  In the absence of a proper objection, this Court reviews findings for clear error.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Mr. Fink filed a response to Judge DeSoto's Findings and Recommendation, which states:

> I know I did 84 days past my discharge date.  I sent Janet Cox in the prison records department my paper work showing the date.  But I had to write Judge McLane in Missoula.  He then wrote the prison records department, then on January 11, 2009.  84 days to [sic] late.  And the prison will not even compensate me 300.00 a day.
> I now see I have filed in the wrong court.  But when I tried to file in Missoula District Court.  The court moved it to a habeas corpus.  Please help me put this in the right court.  I have been trying to get taken care of since 2009.  I only have 5 years of schooling.  Please help me.

(Doc. 5.)  This response does not identify any factual finding by Judge DeSoto to which he objects, nor does it object to Judge DeSoto's recommendation of dismissal; it merely reasserts his claim that he overserved his discharged sentence by 84 days and states that the prison will not compensate him.  Accordingly, the Court reviews the Findings and Recommendation for clear error and finds none.

This Court agrees with Judge DeSoto that there is no federal law requiring a State to award credit for time overserved on a discharged sentence against a sentence imposed for a separate offense, and there is no legal basis to second-guess

the Montana Supreme Court's decision denying Mr. Fink's requested relief. *See Fink v. Mahoney*, OP 09-0267, 352 Mont. 550 (Mont. July 29, 2009) (table). To the extent Mr. Fink's response requests this Court to order monetary relief, it is powerless to do so in the context of a habeas corpus proceeding, and the Court cannot provide him the legal advice he requests.

In sum, the Court agrees with Judge DeSoto that Mr. Fink's petition should be denied for lack of merit. In addition, the Court agrees with Judge DeSoto that a certificate of appealability should be denied. Mr. Fink does not make a substantial showing that he was deprived of any constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Fink's petition (Doc. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because Mr. Fink has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find debatable the Court's conclusion that Mr. Fink has failed to state a cognizable habeas claim.

The Clerk of Court shall enter a judgment of dismissal by separate document and close the case file.

DATED this 30th day of January, 2023.

_____

Dana L. Christensen, District Judge
United States District Court